UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRVING WEINSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATH HOLDINGS LLC and ATH NY CM LLC d/b/a ARTECHOUSE,<br><br>Defendants. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Irving Weinstein ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this class action complaint against ATH HOLDINGS LLC and ATH NY CM LLC d/b/a ARTECHOUSE (collectively "ARTECHOUSE" or "Defendants"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

**NATURE OF THE ACTION**

1.  Defendants have now been improperly charging visitors of the ARTECHOUSE on its website for over a year in violation of the New York Arts and Cultural Affairs Law § 25.07(4).

2.  When a consumer visits the website https://www.artechouse.com/ to purchase an admission ticket, they are initially quoted a fee-less price, only to later be ambushed by a $5.72 "service charge" for a General Admission ticket – which is disguised under the ambiguous category "taxes & fees" – at checkout after clicking through the various screens required to make a purchase.

1

3. These fees are only presented *after* a consumer selects their ticket option and passes through multiple screens in the purchase process. Since Defendants cannot hold their spot of admission time open forever, Defendants can plausibly put their consumers on a ticking clock to make their purchase. Resultingly, this ploy has enabled Defendants to coax substantial sums of money from its customers.

4. In recognition of the unscrupulous nature of this type of business gimmick, New York passed the Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id.* (emphasis added). § 25.07(4) further states that "[t]he price of the ticket shall not increase during the purchase process." *Id.* This latest version of the law went into effect August 29, 2022. *See* Exhibit A.

5. Moreover, Arts and Cultural Affairs Law § 25.07(4) provides that "every operator … of a place of entertainment … shall disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." *Id.*

6. As a result of Defendants' failure to adhere to these disclosure standards, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendants' place of entertainment for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

**PARTIES**

7.     Plaintiff Irving Weinstein is an individual consumer who, at all times material hereto, was a citizen and resident of New York. Plaintiff purchased an admission ticket to the ARTECHOUSE through Defendants' website, https://www.artechouse.com/tickets-nyc/.



The transaction flow process he viewed on Defendants' website was substantially similar to that depicted in *Figures 1 through 5* in this complaint.

8.     Defendant ATH HOLDINGS LLC is a Delaware limited liability company, and serves as a holding company for ATH NY CM LLC d/b/a ARTECHOUSE.

9.     Defendant ATH NY CM LLC d/b/a ARTECHOUSE is a New York limited liability company with its principal place of business in New York, New York. Defendant owns and operates the ARTECHOUSE in New York, New York.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of a state different from Defendants.

11. Defendants sold at least 100,000 tickets to its place of entertainment through its website during the applicable class period and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

12. This Court has personal jurisdiction over Defendants because Defendants operate their business in the state of New York and sells tickets through its website. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are located in this District, and because Plaintiff purchased tickets to visit Defendants' place of entertainment in this District.

13. This Court has personal jurisdiction over Defendants because Defendants are incorporated in New York.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are incorporated in this District and Defendants conduct substantial business operations in this District.

**NEW YORK ARTS & CULTURAL AFFAIRS LAW**

15. Becoming effective on August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket

being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id*.

16. Shortly proceeding its enactment, ticketing websites inundated the State of New York's Division of Licensing Services with questions about the scope of the law. The Division of Licensing Services provided clarity, stating that "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." See N.Y. Dep't of State, Div.Licens. Servs., Request for Additional Guidance – New York State Senate Bill S.9461, attached hereto as Exhibit A, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser." *Id.* at 2 (emphasis added)

## COMMON FACTUAL ALLEGATIONS

17. When a person visits Defendants' website, https://www.artechouse.com/, and clicks on the blue "TICKETS" button, they can click to add or subtract the amount of tickets they are searching for, and subsequently select the date they are looking to purchase their tickets for. *See Figure 1,* next page.



*Figure 1*

18.     After a user selects a particular admission option, and date, the purchase process begins and they are prompted to select a time with the price being displayed next to each time option. *See Figure 2*.



*Figure 2*

19. After a consumer selects a time, he or she is then prompted to select the type of ticket and quantity they want. *See Figure 3*.



*Figure 3*

20. Next, once the consumer has been shown the "Ticket Total" price and clicked "Continue," the user is taken to to a page showing their ticket selection and pricing. *See Figure 4*.



*Figure 4*

7

21.     **On this page**, the consumer is prompted to enter their contact information, billing address, and to pay and confirm prior to checking out. *See Figure 5*.



*Figure 5*

22.     It is only on this final page when the consumer is ready to checkout, that the true "TOTAL price" emerges. The total price displayed on this final screen now includes a $5.72 added charge via "taxes and fees." *Id.* This is the first time Defendants make any mention of additional "fees."

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of the following Class:

All purchasers of tickets to the ARTECHOUSE's NYC location from Defendants' website.

24.     Specifically excluded from the Class are ARTECHOUSE, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by ARTECHOUSE, and their heirs, successors, assigns, or other persons or entities related to or affiliated with ARTECHOUSE and/or

8

its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

25.     Plaintiff reserves the right to amend the Class definition above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

26.     This action may be certified as a class action under Federal Rule of Civil Procedure 23 because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

27.     Numerosity (Rule 23(a)(1)): The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendants, Plaintiff estimates that the Class is comprised of hundreds of thousands, or more, Class members. The Class is sufficiently numerous to warrant certification. The exact number of Class Members is in the possession and control of Defendants.

28.     Typicality of Claims (Rule 23(a)(3)): Plaintiff, like the other customers of ARTECHOUSE has been subjected to ARTECHOUSE's deceptive pricing disclosure practices. Plaintiff is a member of the Class and his claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class members that was caused by the same misconduct by Defendants.

29.     Adequacy of Representation (Rule 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

30. Superiority (Rule 23(b)(3)): A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class members is relatively small, the expense and burden of individual litigation make it impossible for individual Class members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendants will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

31. Predominant Common Questions (Rule 23(a)(2)): The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual Class members, including:

    a. Whether Defendants failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4);

    b. Whether the displayed price of Defendants' tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and

    c. Whether Defendants failed to disclose its service charge in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

32. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

33. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct

for Defendants. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

34. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

35. Given that Defendants have not indicated any changes to its conduct, monetary damages are insufficient and there is no complete and adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### NEW YORK ARTS & CULTURAL AFFAIRS LAW § 25.07
### (On Behalf Of The Nationwide Class and New York Subclass)

36. Plaintiff repeats and re-alleges each and every factual allegation contained in all paragraphs as if fully set forth herein.

37. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendants.

38. Pursuant to N.Y. Arts & Cult. Aff. Law § 25.03(6), Defendants are an "operator… of a place of entertainment" because Defendants operate ARTECHOUSE, which constitutes a "place of entertainment."

39. Pursuant to N.Y. Arts & Cult. Aff. Law § 25.03(6), "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged."

40. Defendants, through their failure to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as

11

depicted in *Figures 1 through 5* of this Complaint, have violated New York Arts & Cultural Affairs Law § 25.07(4)

41. Moreover, Defendants violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in *Figures 1 through 5* of this Complaint.

42. Furthermore, Defendants violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in *Figures 4 and 5* of this Complaint.

43. Defendants' "service charge" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

44. Plaintiff purchased tickets on Defendants' website and was forced to pay Defendants' service charge in order to secure his ticket. Plaintiff was harmed by paying this service charge, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

45. Plaintiff was also harmed by paying this service charge, even though it was not clearly and conspicuously disclosed on the final checkout page, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

46. Plaintiff, on behalf of himself and members of the Nationwide Class and New York Subclass, seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendants' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 16, 2024                **MIZRAHI KROUB LLP**

By: */s/ Edward Y. Kroub*
Edward Y. Kroub (EK-4999)
225 Broadway, 39th Floor
New York, NY 10007
Telephone: 212-595-6200
Email: ekroub@mizrahikroub.com

*Counsel for Plaintiff*